E-FILED
Thursday, 28 May, 2020  02:12:31 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| MARK MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| AT&T, | ) | (formerly Circuit Court for the |
| Defendant. | ) | Fourteenth Judicial Circuit, Rock Island |
| | ) | County, Illinois) |
| | ) | |

## NOTICE OF REMOVAL

Defendant, Illinois Bell Telephone Company, LLC ("AT&T"),[1] by and through its attorneys, Maurice Grant and Carlos Carabajal, pursuant to 28 U.S.C. §§ 1331 ("Section 1331"), 1441 ("Section 1441") and 1446 ("Section 1446"), hereby gives Plaintiff, Mark Moore ("Moore") Notice of Removal of this cause to the United States District Court for the Central District of Illinois, Rock Island Division, from the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.  AT&T further states:

### **INTRODUCTION**

1. On May 4, 2020, Moore filed a Complaint ("Complaint") against AT&T in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.  A copy of the Complaint is attached as Exhibit A.  The Complaint alleges that AT&T violated the American with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Illinois Human Rights Act ("IHRA").

---

[1] Plaintiff improperly named AT&T and served AT&T and AT&T Corp.  The proper name for Defendant is Illinois Bell Telephone Company, LLC.

2.      AT&T and AT&T Corp. received notice of the Complaint on May 7, 2020 and May

12, 2020, respectively.  A copy of AT&T and AT&T Corp.'s respective Process Server Delivery

Details are attached as Exhibit B.

## BASIS FOR REMOVAL: JURISDICTION UNDER
## THE AMERICANS WITH DISABILITIES ACT OF 1990

3.      Section 1331 states: "The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  28

U.S.C. § 1367 states in pertinent part that the district courts have supplemental jurisdiction "over all

other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy…"

4.      Section 1441(a) states in pertinent part that: "any civil action brought in a State court

of which the district court of the United States have original jurisdiction, may be removed by the

defendant […] to the district court of the United States for the district and division embracing the

place where such action is pending."  28 U.S.C. §§ 1441(a).

5.      Here, removal is proper because the Complaint arises under the laws of the United

States, i.e., the ADA.  *See* Exhibit A, ¶ 10.  The Complaint alleges that AT&T subjected Moore to

"different terms and conditions of employment on the basis of his disability which violates the

[ADA] and the [IHRA]."  *See* Exhibit A, ¶¶ 10-11.  The ADA is a federal statute enacted by the

United States Congress.  *See* 42 U.S.C. § 12101(a), *et seq.*  Therefore, this Court has original

jurisdiction over Plaintiff's ADA claim against AT&T.

6.      In addition, this Court has supplemental jurisdiction over Moore's claim under the

IHRA because both claims are part of the same case or controversy.  The Complaint specifically

alleges that AT&T violated the ADA and the IHRA when "similarly situated employees were not

subjected to different terms and conditions of employment, including increased scrutiny at work…,

having his phone calls scrutinized, required to read from a scrip[t, harassment, suspension, and

discharge." *See* Exhibit A, ¶¶ 10-11. Therefore, this Court has supplemental jurisdiction over Plaintiff's IHRA claim because it is a part of the same case and controversy alleged as part of Moore's ADA claim.

7. This Notice of Removal is filed within 30 days from the date AT&T was served with the Complaint as required by Section 1446. 28 U.S.C. § 1446(b).

8. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by Section 1446(a).

9. Venue is proper under Section 1441(a) and 1446(a) because the U.S. District Court for the Central District of Illinois, Rock Island Division, embraces the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.

10. AT&T will file promptly a copy of this notice of removal with the clerk of the state court where the action has pended.

11. AT&T reserves the right to supplement this Notice of Removal when additional information becomes available.

## JURY DEMAND

12. Plaintiff demanded a jury in the state court action. *See* Exhibit A.

## CONCLUSION

13. By this Notice of Removal, AT&T does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have in this action. AT&T intends no admission of fact, law, or liability, by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: May 28, 2020

Respectfully submitted,

**ILLINOIS TELEPHONE BELL COMPANY, LLC, d/b/a AT&T**

By: /s/ *Maurice Grant*
Maurice Grant

Maurice Grant
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111
mgrant@grantlawllc.com

## CERTIFICATE OF SERVICE

I, Maurice Grant., an attorney, certify that I served a copy of **Illinois Bell Telephone Company, LLC's Notice of Removal** on the parties listed below by depositing a true and correct copy of same, with postage prepaid, in the U.S. Mail prior to 5:00 p.m. on this 28th day of May 2020.

M. Jonathon Khalil
Winston, Kavensky & Cunningham LLC
224 18th St. 4th Floor
P.O. Box 4298
Rock Island, Illinois 61204-4298
jkhalil@wkclawfirm.com
*Attorney for Plaintiff*

/s/ *Maurice Grant*
Maurice Grant

Maurice Grant
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111
mgrant@grantlawllc.com

FILED·
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY ILLINOIS AT LAW**

| | |
|---|---|
| Mark Moore<br>Plaintiff,<br>v.<br>AT&T,<br>Respondent. | 2020L53 |

### COMPLAINT

COMES NOW, the Plaintiff, Mark Moore, by and through his undersigned attorneys, WINSTEIN, KAVENSKY, & CUNNINGHAM, LLC and alleges, avers and states as follows:

### Count I

1. Mr. Moore was employed by AT&T at their location in Rock Island, Illinois from approximately August of 2007 until September 30, 2019.

2. Ms. Moore was terminated on or about September 30, 2019.

3. All facts in this case occurred prior to September 30, 2019.

4. Mr. Moore is a member of a protected class because of his disability.

5. Mr. Moore took a thirty day leave of absence starting in July of 2019 due to his ongoing post traumatic stress disorder, depression, and anxiety.

6. Mr. Moore's performance as a Customer Consultant met AT&T's expectations.

7. Mr. Moore was subjected to different terms and conditions of employment including increased scrutiny at work, including but not

# EXHIBIT A

limited to having his phone calls scrutinized, being required to read from a script, harassment, suspensions, and discharge.

8. Mr. Moore's supervisors, Denise Westerfield, Robin Pena, and Daphney Ganhal indicating to him that his taking a leave of absence negatively affected their performance-based pay incentives.

9. Mr. Moore was also required to read from a script while interacting with customers on sales calls.

10. Similarly situated employees were not subjected to different terms and conditions of employment, including increased scrutiny at work including having his phone calls scrutinized, required to read from a script, harassment, suspensions and discharge.

11. AT&T's actions subjecting to Mr. Moore to different terms and conditions of employment on the basis of his disability which violates the Americans with Disabilities Act of 1990 and the Illinois Human Rights Act.

12. As a direct and proximate result of AT&T's action, Mr. Moore has suffered damages including but not limited to loss of income.

13. Mr. Moore filed a compliant with the Equal Employment Opportunity Commission (EEOC) and has received a "Right to Sue" letter, a true and accurate copy of which is attached to this complaint.

14. The "Right to Sue" letter was issued on February 5, 2020, and therefore this complaint is timely filed.

WHEREFORE, Mark Moore prays that this honorable court enter a judgment against AT&T as follows:

a. In favor of Mark Moore for an amount sufficient to reasonably compensate for his damages he suffered, included but not limited to reimbursement of lost wages sufficient to reflect the wages that he lost as result of his termination and to punish AT&T by an award of punitive damages.

b. For attorney fees and court costs as provided by statute

c. For such further relief as this court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRAIL BY A JURY**

Mark Moore, Plaintiff

___/s/___

**By: M. Jonathan Khalil ARDC #63229918**
**Winstein, Kavensky & Cunningham LLC**
224 18th St., 4th Floor
P.O. Box 4298
Rock Island, IL 61204-4298
309-794-1515 Tel.
309-794-9929 Fax
jkhalil@wkclawfirm.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Mark A. Moore**
      **133 W 5th Street**
      **Coal Valley, IL 61240**

From:   **Chicago District Office**
        **230 S. Dearborn**
        **Suite 1866**
        **Chicago, IL 60604**

| | |
|---|---|
| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Ana Alza,** | |
| **440-2019-07611** | **Investigator** | **(312) 872-9657** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman* ~~

Enclosures(s)

**Julianne Bowman,**
**District Director**

*2/5/2020*
*(Date Mailed)*

cc:   **AT & T**
      **c/o Marcia Williams**
      **Senior Project Manager**
      **208 S. Akard Street**
      **Suite 2210.14**
      **Dallas, TX 75202**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | FEPA | |
| | [X] EEOC | 440-2019-07611 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. MARK A MOORE | (309) 314-4634 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 133 W 5TH ST,  COAL VALLEY, IL 61240 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| AT&T | 501+ | (309) 793-5477 |

| Street Address | City, State and ZIP Code |
|---|---|
| 18TH ST,  ROCK ISLAND,  IL 61201 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER (specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 09-30-2019  Latest 09-30-2019

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around August 2007. My most recent position was Customer Consultant. Respondent was aware of my disability. During my employment with Respondent, I was subjected to different terms and conditions of employment, including, but not limited to, having my phone calls scrutinized. I complained to Respondent. Subsequently, I was suspended and discharged.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Mark Moore on 01-17-2020 06:47 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

 **□ U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn, Suite 1866
Legal & ADR, Suite 2920
Chicago, IL 60604
PH: (312) 872-9777
TTY: 1-800-669-6820
FILE REVIEWS & ENFORCEMENT FAX: (312) 588-1260

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to **(312) 588-1260** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). Be sure to include your name, address, phone number and EEOC charge number with your request.

If you are the Charging Party and a Notice of Right to Sue has been issued, you may be granted access to your file:

- ➢ Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or
- ➢ After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) -OR- enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, WILL NOT BE DISCLOSED TO EITHER PARTY.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request (Statues enforced by the EEOC prohibit the agency from making investigative information public).

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office by a requester.

Your file will be copied by **Aloha Print Group**. You are responsible for copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to Aloha Print Group, which charges 15 cents per page, plus a fee for shipping via FedEx.

(Revised 11/19/2019)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

FILED
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS AT LAW

| | |
|---|---|
| Mark Moore,<br>Plaintiff,<br>v.<br>AT&T<br>Respondent. | |

### AFFIDAVIT OF DAMAGES

Pursuant to Ill. S. Ct. R. 222(b), under penalty of perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the plaintiff **do** exceed $50,000.

_/s/_

By: **M. Jonathan Khalil ARDC #63229918**
**Winstein, Kavensky & Cunningham LLC**
224 18th St., 4th Floor
P.O. Box 4298
Rock Island, IL 61204-4298
309-794-1515 Tel.
309-794-9929 Fax
jkhalil@wkclawfirm.com

**IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT**
**ROCK ISLAND COUNTY, ILLINOIS AT LAW**

| Mark Moore, Plaintiff, v. AT&T Respondent. | 2020L53 |
|---|---|

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness 5/4/2020

(Seal of Court)

Clerk of Court _____

Plaintiff's attorney: Mahmoud J. Khalil, Winstein, Kavensky, & Cunningham LLC

Address: 224 18th St., Fourth Floor, Rock Island, IL 61201

Telephone: 309-794-1515; Fax: 309-794-9929; jkhalil@wkclawfirm.com

DELIVERED THIS ___ DAY OF ___

BY _____
PROCESS SERVER

Date if Service: _____, 20____

(To be inserted by officer on copy left with person)

 CT Corporation

**Service of Process Transmittal**
05/07/2020
CT Log Number 537636980

TO: Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way
Bedminster, NJ 07921-

RE: **Process Served in Texas**

FOR: AT&T Corp. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Mark Moore, Pltf. vs. AT&T Corp, Respondent<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2020L53 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/07/2020 at 13:33 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | - |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/07/2020, Expected Purge Date: 05/17/2020<br><br>Image SOP<br><br>Email Notification, Jill M Calafiore  jcalafiore@att.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| For Questions: | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

# EXHIBIT B

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, May 7, 2020

**Server Name:**     Mauricio Segovia

**Location:**        Dallas, TX-DAL

| | |
|---|---|
| Entity Served | AT&T CORP |
| Agent Name | |
| Case Number | 2020L53 |
| Jurisdiction | TX-DAL |



## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS AT LAW

| | |
|---|---|
| Mark Moore,<br>Plaintiff,<br>v.<br>AT&T<br>Respondent. | 2020L53 |

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do.so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness 5/4/2020

(Seal of Court)

Clerk of Court _____

Plaintiff's attorney: Mahmoud J. Khalil, Winstein, Kavensky, & Cunningham LLC

Address: 224 18th St., Fourth Floor, Rock Island, IL 61201

Telephone: 309-794-1515; Fax: 309-794-9929; jkhalil@wkclawfirm.com

DELIVERED THIS _____ DAY OF _____
BY _____
PROCESS SERVER

Date if Service: _____, 20____

(To be inserted by officer on copy left with person)

FILED·
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## ROCK ISLAND COUNTY ILLINOIS AT LAW

| | |
|---|---|
| Mark Moore<br>Plaintiff,<br>v.<br>AT&T,<br>Respondent. | 2020L53 |

### COMPLAINT

COMES NOW, the Plaintiff, Mark Moore, by and through his undersigned

attorneys, WINSTEIN, KAVENSKY, & CUNNINGHAM, LLC and alleges, avers

and states as follows:

### Count I

1. Mr. Moore was employed by AT&T at their location in Rock Island,

   Illinois from approximately August of 2007 until September 30, 2019.

2. Ms. Moore was terminated on or about September 30, 2019.

3. All facts in this case occurred prior to September 30, 2019.

4. Mr. Moore is a member of a protected class because of his disability.

5. Mr. Moore took a thirty day leave of absence starting in July of 2019 due

   to his ongoing post traumatic stress disorder, depression, and anxiety.

6. Mr. Moore's performance as a Customer Consultant met AT&T's

   expectations.

7. Mr. Moore was subjected to different terms and conditions of

   employment including increased scrutiny at work, including but not

limited to having his phone calls scrutinized, being required to read from a script, harassment, suspensions, and discharge.

8. Mr. Moore's supervisors, Denise Westerfield, Robin Pena, and Daphney Ganhal indicating to him that his taking a leave of absence negatively affected their performance-based pay incentives.

9. Mr. Moore was also required to read from a script while interacting with customers on sales calls.

10.     Similarly situated employees were not subjected to different terms and conditions of employment, including increased scrutiny at work including having his phone calls scrutinized, required to read from a script, harassment, suspensions and discharge.

11.     AT&T's actions subjecting to Mr. Moore to different terms and conditions of employment on the basis of his disability which violates the Americans with Disabilities Act of 1990 and the Illinois Human Rights Act.

12.     As a direct and proximate result of AT&T's action, Mr. Moore has suffered damages including but not limited to loss of income.

13.     Mr. Moore filed a compliant with the Equal Employment Opportunity Commission (EEOC) and has received a "Right to Sue" letter, a true and accurate copy of which is attached to this complaint.

14.     The "Right to Sue" letter was issued on February 5, 2020, and therefore this complaint is timely filed.

WHEREFORE, Mark Moore prays that this honorable court enter a judgment against AT&T as follows:

a. In favor of Mark Moore for an amount sufficient to reasonably compensate for his damages he suffered, included but not limited to reimbursement of lost wages sufficient to reflect the wages that he lost as result of his termination and to punish AT&T by an award of punitive damages.

b. For attorney fees and court costs as provided by statute

c. For such further relief as this court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRAIL BY A JURY**

Mark Moore, Plaintiff

___/s/___

**By: M. Jonathan Khalil ARDC #63229918**
**Winstein, Kavensky & Cunningham LLC**
224 18th St., 4th Floor
P.O. Box 4298
Rock Island, IL 61204-4298
309-794-1515 Tel.
309-794-9929 Fax
jkhalil@wkclawfirm.com

4:20-cv-04124-SLD-JEH  # 1   Page 22 of 38

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Mark A. Moore**                                    From:   **Chicago District Office**
      **133 W 5th Street**                                         **230 S. Dearborn**
      **Coal Valley, IL 61240**                                    **Suite 1866**
                                                                   **Chicago, IL 60604**

|   | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Ana Alza,** | |
| **440-2019-07611** | **Investigator** | **(312) 872-9657** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

                                          On behalf of the Commission

Enclosures(s)                             **Julianne Bowman,**                    2/5/2020
                                          **District Director**                   (Date Mailed)

cc:   **AT & T**
      **c/o Marcia Williams**
      **Senior Project Manager**
      **208 S. Akard Street**
      **Suite 2210.14**
      **Dallas, TX 75202**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2019-07611 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. MARK A MOORE | (309) 314-4634 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 133 W 5TH ST, COAL VALLEY, IL 61240 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| AT&T | 501+ | (309) 793-5477 |

| Street Address | City, State and ZIP Code |
|---|---|
| 18TH ST, ROCK ISLAND, IL 61201 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 09-30-2019     Latest 09-30-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around August 2007. My most recent position was Customer Consultant. Respondent was aware of my disability. During my employment with Respondent, I was subjected to different terms and conditions of employment, including, but not limited to, having my phone calls scrutinized. I complained to Respondent. Subsequently, I was suspended and discharged.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Mark Moore on 01-17-2020 06:47 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn, Suite 1866
Legal & ADR, Suite 2920
Chicago, IL 60604
PH: (312) 872-9777
TTY: 1-800-669-6820
FILE REVIEWS & ENFORCEMENT FAX: (312) 588-1260

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to (312) 588-1260 or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). Be sure to include your name, address, phone number and EEOC charge number with your request.

If you are the Charging Party and a Notice of Right to Sue has been issued, you may be granted access to your file:

> Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or
> After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) -OR- enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, WILL NOT BE DISCLOSED TO EITHER PARTY.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request (Statues enforced by the EEOC prohibit the agency from making investigative information public).

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office by a requester.

Your file will be copied by **Aloha Print Group**. You are responsible for copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to Aloha Print Group, which charges 15 cents per page, plus a fee for shipping via FedEx.

(Revised 11/19/2019)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

FILED
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS AT LAW

| | |
|---|---|
| Mark Moore,<br>Plaintiff,<br>v.<br>AT&T<br>Respondent. | |

### AFFIDAVIT OF DAMAGES

Pursuant to Ill. S. Ct. R. 222(b), under penalty of perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the plaintiff **do** exceed $50,000.

_/s/__

By:  **M. Jonathan Khalil ARDC #63229918**
     **Winstein, Kavensky & Cunningham LLC**
     224 18th St., 4th Floor
     P.O. Box 4298
     Rock Island, IL 61204-4298
     309-794-1515  Tel.
     309-794-9929  Fax
     jkhalil@wkclawfirm.com

 CT Corporation

**Service of Process Transmittal**
05/12/2020
CT Log Number 537656588

**TO:**   Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

**RE:**   **Process Served in Illinois**

**FOR:**   AT&T  (Cross Ref Name)  (Domestic State: NY)
AT&T Corp. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Moore, Pltf. vs. AT&T, Respondent |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020L53 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/12/2020 at 14:24 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2020, Expected Purge Date: 05/22/2020 |
| | Image SOP |
| | Email Notification, Jill M Calafiore  jcalafiore@att.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, May 12, 2020 |
| **Server Name:** | Michael Mitchell |
| **Location:** | Chicago, IL-CHI |

| | |
|---|---|
| Entity Served | AT&T |
| Agent Name | |
| Case Number | 2020L53 |
| Jurisdiction | IL-CHI |



## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS AT LAW

| Mark Moore,<br>Plaintiff,<br>v.<br>AT&T<br>Respondent. | 2020L53 |
|---|---|

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness 5/4/2020

(Seal of Court)

Clerk of Court _____

Plaintiff's attorney: Mahmoud J. Khalil, Winstein, Kavensky, & Cunningham LLC

Address: 224 18th St., Fourth Floor, Rock Island, IL 61201

Telephone: 309-794-1515; Fax: 309-794-9929; jkhalil@wkclawfirm.com

Date if Service: _____, 20___

(To be inserted by officer on copy left with person)

FILED
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## ROCK ISLAND COUNTY ILLINOIS AT LAW

| | |
|---|---|
| Mark Moore Plaintiff, v. AT&T, Respondent. | 2020L53 |

### COMPLAINT

COMES NOW, the Plaintiff, Mark Moore, by and through his undersigned

attorneys, WINSTEIN, KAVENSKY, & CUNNINGHAM, LLC and alleges, avers

and states as follows:

### Count I

1. Mr. Moore was employed by AT&T at their location in Rock Island,

   Illinois from approximately August of 2007 until September 30, 2019.

2. Ms. Moore was terminated on or about September 30, 2019.

3. All facts in this case occurred prior to September 30, 2019.

4. Mr. Moore is a member of a protected class because of his disability.

5. Mr. Moore took a thirty day leave of absence starting in July of 2019 due

   to his ongoing post traumatic stress disorder, depression, and anxiety.

6. Mr. Moore's performance as a Customer Consultant met AT&T's

   expectations.

7. Mr. Moore was subjected to different terms and conditions of

   employment including increased scrutiny at work, including but not

limited to having his phone calls scrutinized, being required to read from a script, harassment, suspensions, and discharge.

8. Mr. Moore's supervisors, Denise Westerfield, Robin Pena, and Daphney Ganhal indicating to him that his taking a leave of absence negatively affected their performance-based pay incentives.

9. Mr. Moore was also required to read from a script while interacting with customers on sales calls.

10. Similarly situated employees were not subjected to different terms and conditions of employment, including increased scrutiny at work including having his phone calls scrutinized, required to read from a script, harassment, suspensions and discharge.

11. AT&T's actions subjecting to Mr. Moore to different terms and conditions of employment on the basis of his disability which violates the Americans with Disabilities Act of 1990 and the Illinois Human Rights Act.

12. As a direct and proximate result of AT&T's action, Mr. Moore has suffered damages including but not limited to loss of income.

13. Mr. Moore filed a compliant with the Equal Employment Opportunity Commission (EEOC) and has received a "Right to Sue" letter, a true and accurate copy of which is attached to this complaint.

14. The "Right to Sue" letter was issued on February 5, 2020, and therefore this complaint is timely filed.

WHEREFORE, Mark Moore prays that this honorable court enter a judgment against AT&T as follows:

a.  In favor of Mark Moore for an amount sufficient to reasonably compensate for his damages he suffered, included but not limited to reimbursement of lost wages sufficient to reflect the wages that he lost as result of his termination and to punish AT&T by an award of punitive damages.

b.  For attorney fees and court costs as provided by statute

c.  For such further relief as this court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRAIL BY A JURY**

Mark Moore, Plaintiff

__/ s/__

By:  M. Jonathan Khalil ARDC #63229918
     Winstein, Kavensky & Cunningham LLC
     224 18th St., 4th Floor
     P.O. Box 4298
     Rock Island, IL 61204-4298
     309-794-1515  Tel.
     309-794-9929  Fax
     jkhalil@wkclawfirm.com

EEOC Form 161 (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Mark A. Moore<br>133 W 5th Street<br>Coal Valley, IL 61240 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-07611 | Ana Alza,<br>Investigator | (312) 872-9657 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Julianne Bowman,_
Julianne Bowman,
District Director

2/5/2020
(Date Mailed)

cc:  AT & T
c/o Marcia Williams
Senior Project Manager
208 S. Akard Street
Suite 2210.14
Dallas, TX 75202

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2019-07611 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. MARK A MOORE | (309) 314-4634 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 133 W 5TH ST,  COAL VALLEY, IL 61240 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| AT&T | 501+ | (309) 793-5477 |

| Street Address | City, State and ZIP Code |
|---|---|
| 18TH ST,  ROCK ISLAND, IL 61201 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 09-30-2019    Latest 09-30-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around August 2007. My most recent position was Customer Consultant. Respondent was aware of my disability. During my employment with Respondent, I was subjected to different terms and conditions of employment, including, but not limited to, having my phone calls scrutinized. I complained to Respondent. Subsequently, I was suspended and discharged.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Mark Moore on 01-17-2020 06:47 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn. Suite 1866
Legal & ADR, Suite 2920
Chicago, IL 60604
PH: (312) 872-9777
TTY: 1-800-669-6820
FILE REVIEWS & ENFORCEMENT FAX: (312) 588-1260

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to (312) 588-1260 or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). Be sure to include your name. address. phone number and EEOC charge number with your request.

If you are the Charging Party and a Notice of Right to Sue has been issued, you may be granted access to your file:

> Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or
> After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) -OR- enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, WILL NOT BE DISCLOSED TO EITHER PARTY.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request (Statues enforced by the EEOC prohibit the agency from making investigative information public).

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office by a requester.

Your file will be copied by **Aloha Print Group.** You are responsible for copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to Aloha Print Group, which charges 15 cents per page, plus a fee for shipping via FedEx.

(Revised 11/19/2019)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

FILED
5/4/2020 12:09 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS AT LAW

| Mark Moore, Plaintiff, v. AT&T Respondent. | |
|---|---|
| | |

## AFFIDAVIT OF DAMAGES

Pursuant to Ill. S. Ct. R. 222(b), under penalty of perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the plaintiff **do** exceed $50,000.

_/ s /__

By:  **M. Jonathan Khalil ARDC #63229918**
       Winstein, Kavensky & Cunningham LLC
       224 18th St., 4th Floor
       P.O. Box 4298
       Rock Island, IL 61204-4298
       309-794-1515  Tel.
       309-794-9929  Fax
       jkhalil@wkclawfirm.com